## THOMAS J. ALMY, Appellant, *v.* BENJAMIN G. RAY-BOULD, Respondent.

1. Filing Undertaking on Appeal.—Where a motion to dismiss an appeal is made in this court upon the ground that no undertaking on appeal has been filed in the court below, and such motion is met by an affidavit that the appeal has been taken in good faith, the court will allow a new and additional undertaking on appeal to be filed here.

2. Liability of Assignee in Bankruptcy.—An assignee in bankruptcy after his final discharge from all liability as such assignee, by a court of competent jurisdiction, cannot be held liable for acts done by him as such assignee, especially in the absence of any fraud or deceit in procuring such discharge.

3. Action, How Commenced.—An action under our practice is not commenced until a complaint is filed and a summons issued thereon.

Appeal from the Third Judicial District Court.

Respondent moved to dismiss the appeal upon the ground that no undertaking on appeal had been filed, as required by law.

It appeared from the record that an undertaking on appeal had been made and perfected on the 29th day of May, 1876, but not filed until July 7, 1876. That a notice of appeal had been filed and served on July 7, 1876. Appellant, at the hearing of the motion, tendered another undertaking, good in form, and also read an affidavit showing good faith in taking the appeal.

The other facts are stated in the opinion of the court.

*W. W. Woods*, for appellant.
No brief on file.

*Baskin & De Wolfe*, for respondent.
No brief on file.

Boreman, J., delivered the opinion of the court on the motion of respondent to dismiss the appeal:

Thomas J. Almy v. Benjamin G. Raybould.

The respondent asks that the appeal be dismissed because the undertaking was entered into and the justification of the parties thereto made before there was any notice of appeal served, the notice of appeal being served 7th July, 1875, and the undertaking made on 29th May, 1875, and because the undertaking recites that "whereas the plaintiff has appealed," etc., when, in fact, he had not then appealed.

The appellant files in this court, in answer to said motion, his affidavit of good faith in taking the appeal, and also tenders a new undertaking.

It is not necessary for the court to say now whether the first undertaking be good or not, but certainly it is proper to allow the plaintiff to amend any supposed defects by filing the new undertaking, and this the court allows. The motion to dismiss, therefore, will be overruled upon filing the new undertaking, if there be no objection to its sufficiency.

SCHAEFFER, C. J., and EMERSON, J., concurred.

The cause being argued and submitted, EMERSON, J., delivered the opinion of the court:

The appellant brought suit against the respondent for acts done by him as assignee of the estate of Noonan & Orr, bankrupts.

The complaint charges negligence on the part of the respondent in not collecting certain funds belonging to the estate, and the misapplication of certain other funds in his hands as such assignee. It also sets out the final discharge of the respondent on the 20th day of May, 1873, by the Supreme Court of this Territory, which then had jurisdiction in bankruptcy cases.

The complaint was filed on the 19th day of May, A. D. 1875, and the summons issued on the 24th day of the same month.

The respondent demurred to the complaint on the following grounds:

*First*—The complaint does not state facts sufficient to constitute a cause of action.

*Second*—It appears from the complaint that this court has no jurisdiction of the subject matter of this suit.

*Third*—It does not appear that the notice required by the fourteenth section of the Bankrupt Act has been given.

*Fourth*—That it appears from the complaint that the alleged cause of action therein set forth is barred by the statute of limitation.

The demurrer was sustained; the appellant elected to stand by his complaint; the cause was dismissed, and an appeal taken to this court.

We are of the opinion that the demurrer was well taken.

The complaint states that the appellant was one of the creditors of the estate; that he had proved up his claim, and had received a dividend out of the assets. Hence he must have had the notice contemplated by § 5096, of the U. S. Revised Statutes, of the proceedings in this court which led to the final discharge of the respondent from " all liability as assignee." All the acts set up in the complaint must have been known to the appellant at that time; at all events there is no claim that they have been since discovered. These matters should have been urged at that time in opposition to the discharge. If they were, and the court passed upon them, then, in the absence of any appeal, that was the end of the matter. If he failed to present them at that time, or to take any action thereon during the pendency of the proceedings, he has lost all right to do so. The complaint, therefore, does not state facts sufficient to constitute a cause of action against the respondent. The respondent cannot be held liable after his final discharge from all liability as assignee, for acts done by him as such assignee, especially when no fraud or deceit in procuring the discharge is alleged.

Even if a right of action existed against the respondent, then the notice provided for in § 5056, U. S. Revised Statutes, should have been given before commencing suit. It is claimed that he is not sued as assignee. He was the assignee, and an action is sought to be maintained against him for something

did by him as such assignee, bringing him within the provisions of the section named.

The case is barred by the statute. § 5057 U. S. Revised Statutes, provides that "No suit either at law or equity shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferrable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee."

If it should be claimed that this cause of action did not accrue until after the discharge of the respondent, even then this action was not brought within the time mentioned in this section. The final discharge was granted on the 20th day of May, 1873 ; the complaint was filed on the 19th day of May, 1875, and the summons issued on the 24th of the same month. Under the provisions of § 22 of our Practice Act, a civil action in our courts is commenced by filing a complaint and issuing a summons thereon. Consequently this suit was not commenced until the 24th day of May, A. D. 1875, more than two years after the final discharge of the respondent.

Section 1116, C. L., provides that the filing of the complaint in the proper court shall be deemed a commencement of an action, within the meaning of the act of which that section is a part, and does not apply to this case.

The judgment of the court below is affirmed, with costs.

SCHAEFFER, C. J., and BOREMAN, J., concurred.